833 F.2d 1024
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Fredrick W. HARMS, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 87-3345.
 United States Court of Appeals, Federal Circuit.
 Oct. 23, 1987.
 
 Before MARKEY, Chief Judge, RICH and MAYER, Circuit Judges.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board) in No. SL04328510234, sustaining the removal of the petitioner, Fredrick W. Harms, from his position as a Special Agent with the Federal Bureau of Investigation (FBI) for unacceptable performance, is affirmed.
 
 OPINION
 
 2
 Harms argues that the board and the FBI made numerous errors at the hearing and in the termination process which effectively denied him due process and a fair and impartial hearing. We have considered each of these arguments and find them to be without merit.
 
 
 3
 In particular, Harms argues that the notice of proposed removal failed to comply with 5 USC 4303(b)(1)(A)(i) because it did not contain specific instances of nonperformance. The notice did, however, refer to Harms's unacceptable performance appraisal report (PAR) which identified numerous examples of his deficient performance under three critical elements of his job. The presiding official found that Harms had actual notice of the specific deficiencies relied on by the FBI and that he had responded to them. We agree that the reference to the detailed PAR documents sufficiently identified the instances of nonperformance on which the FBI based its action and any procedural irregularity was harmless error.
 
 
 4
 Harms also argues that the FBI withheld documents or provided them in such form as to make them unintelligible. Furthermore, he says that he only received key personnel documents because he filed a request under the Freedom of Information Act (FOIA).
 
 
 5
 The FBI initially objected to production of all of the investigative files requested by Harms (approximately 2500 pages), but eventually produced them under order of the presiding official. Portions of the files, however, were either blacked out or deleted entirely. After the initial decision, the full board remanded with instructions that the FBI's "sanitizing" of the files had hurt Harms's ability to present his case. The FBI then gave Harms a substantial amount of additional information, withholding only informant or classified information.
 
 
 6
 Harms has not shown that the delay in providing the information or the limited deletions remaining in the files prejudiced his ability to present his case to the board. Nor has he shown that it was "inexcusable and grievous" error for the FBI to provide documents via the FOIA mechanism. Harms began filing his requests in October, 1984, before his PAR was complete. The FBI gave Harms a copy of the PAR and the addendum in November, 1984, months in advance of the hearing or even the proposed removal. We cannot see how his use of the FOIA to obtain documents prejudiced his case or is even relevant.
 
 
 7
 The remainder of Harms's arguments regarding personal animosity and the like are no more than disagreement with the presiding official's factual findings which are supported by substantial evidence. Accordingly, we affirm the board's decision because it was not arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or otherwise not in accordance with law. See 5 USC 7703(c).